IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Sonnie Charles Suttles, | ) | C/A No.: 6:17-01439-JFA-KFM |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| Acting Warden Gio Ramirez | ) | |
| Respondent. | ) | |

The *pro se* Petitioner, Sonnie Charles Suttles ("Petitioner"), is currently incarcerated at FCI-Williamsburg, in Salters, South Carolina. Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the petition in this case without prejudice because Petitioner is actually seeking 28 U.S.C. § 2255 relief. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). However, a district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner was advised of his right to object to the Report, which was entered on the docket on July 11, 2017. Petitioner filed his objections to the Report ("Objections") on July 27, 2017. That same day Petitioner filed an amended 28 U.S.C. § 2241 petition.[2] Thus, this matter is ripe for review.

In his Objections, Petitioner argues that the Magistrate Judge exceeded his authority to issue the Report by creating "his own hybrid fact" and "self-created fact." (ECF No. 14 p. 1). Specifically, Petitioner points to the Magistrate's determination that "[b]ecause the Petitioner is seeking to have his sentence modified, he is seeking § 2255 relief, not § 2241 relief." (ECF No. 11 p. 3). Petitioner argues that he is seeking immediate release from prison, and therefore, the Magistrate Judge exceeded his authority. (ECF No. 14 p. 2). To the contrary, after full consideration and study of the appropriate case law, the Magistrate correctly determined that the Petitioner is actually seeking § 2255 relief, despite having filled a § 2241 petition. Therefore, Petitioner's claim that the Magistrate abused his authority is without merit.

Second, Petitioner disagrees with the Magistrate's determination that it plainly appears from the petition that Petitioner is not entitled to relief. Petitioner first argues that the standard used by the Magistrate applies to review of § 2254 petitions and not § 2241 petitions. Petitioner is incorrect. The Magistrate, citing Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (2012), stated that "[t]he court is charged with screening the petitioner's lawsuit to determine if 'it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.'" (ECF No. 11 p. 2). While the petition here is brought under § 2241, the district court may apply the Rule 4 standard to this petition. *See* Rule 1(b), Rules

---

[2] Although untimely, out of the abundance of caution, the Court considers the amended petition in its analysis.

2

Governing Section 2254 Cases in the U.S. District Courts (2012) (stating that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)).

Petitioner further asserts that even if the standard applies, his petition is properly brought pursuant to § 2241. Specifically, Petitioner objects to the Magistrate's finding that Petitioner is actually seeking § 2255 relief rather than § 2241 relief because Petitioner is seeking modification of his sentence rather than alleging facts concerning the applicant's commitment or detention. Petitioner states that he "is being unlawfully held (i.e. detained) at F.C.I Williamsburg under or by color of the (i.e. commitment) of the United States," and therefore, is properly seeking § 2241 relief. (ECF NO. 14 p. 2).

A petition under § 2255 is the exclusive means of collaterally attacking a federal conviction. *See In Re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). On the other hand, a § 2241 petition is used to attack the manner in which a sentence is executed. *Billups v. Deboo*, C/A No. 2:14-cv-7, 2014 WL 4102479, *4 (N.D.W.Va. Aug. 13, 2014). Thus, a petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion.

However, a § 2241 petition attacking a federal conviction and sentence may, in narrow circumstances, be entertained if the petitioner can show under the savings clause of 28 U.S.C. § 2255 that a § 2255 petition would be inadequate or ineffective to test the legality of his detention. The Fourth Circuit held that a § 2255 petition is considered inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law."

*In re Jones*, 226 F.3d at 333-334. "Based on the language in Jones it is clear the Fourth Circuit

contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime." *Billups*, 2014 WL 4102479 at *5. The Fourth Circuit has not extended the reach of the savings clause to those petitioners challenging only their sentence. *United States v. Poole*, 531 F. 3d 263, 267 n. 7 (4th Cir. 2008). Instead, the Fourth Circuit has "confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction." *Darden v. Stephens*, 426 Fed. Appx. 173, 174 (4th Cir. 2011). The claim of "actual innocence" resulting from the change in the law rendering the underlying offense no longer a crime.

The Magistrate Judge correctly found that the savings clause does not apply in this case. Here, Petitioner does not even argue that the factors of *In re Jones* apply. Furthermore, the Magistrate found, and this Court agrees, that the *In re Jones* factors do not apply. Instead, Petitioner repeatedly claims that he was sentenced, in part for brandishing a firearm, but was not indicted for nor plead guilty to that crime. Thus, Petitioner is challenging that his sentence is incorrect and that he should not serve time for brandishing a firearm. As explained above, this type of relief is properly sought through a § 2255 petition, not a §2241 petition. The Court notes that Petitioner already filed a § 2255 petition in the Northern District of Alabama where he was sentenced. His first § 2255 petition was denied on August 8, 2012.[3]

Lastly, Petitioner objects to the Magistrates Judge's rejection of Petitioner's claim that he is actually innocent. Petitioner takes issue with three of the cases cited by the Magistrate Judge for the actual innocence claim standard. Petitioner argues the cases are factually different, and therefore, do not apply. Petitioner argues that *Bousley v. United States*, 523, U.S. 614, 623 (1998),

---

[3] On June 30, 2010, Petitioner was indicted on count one in the Northern District of Alabama for bank robbery and assault by the use of a firearm in violation of Title 18, United States Code, Sections 2113(a) and (d). Petitioner was also indicted on count two – the use and carry of a firearm during and in relation to a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A).

*Schlup v. Delo*, 513 U.S. 298, 324 (1995), and *Thompson v. United States*, 211 F. 3d 1270 (6th Cir. 2000) are all cases where the defendants were indicted for their alleged offenses and found guilty of their alleged offenses. While the cases may be factually different in that regard, the Magistrate's use of those cases to apply the appropriate standard was not in error. As stated above, Petitioner is asking for § 2255 relief by asking for this Court to correct his sentence. Petitioner has not shown or even argued that his petition falls under the savings clause from *In re Jones*, therefore, it is not proper in this case for the Court to consider whether his sentence is incorrect.

To the extent the petitioner argues § 2255 is inadequate or ineffective because he is "actually innocent" he has offered no new facts to support this assertion. Claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley*, 523 U.S. at 623. To present a credible claim of actual innocence, petitioner must "support his allegation of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner does not support his claim of actual innocence with any evidence. Instead, in Petitioner's amended petition he attaches his indictment, a page of the transcript from his plea colloquy as to count two, and a copy of the first page of his final judgment.

As the Magistrate correctly notes, there is nothing in this case that presents more than an unsupported allegation of "actual innocence" which requires this court to "decline to address whether a claim of 'actual innocence' allows a petitioner to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's saving clause." *United States v. Lurie*, 207 F. 3d 1075, 1077 n. 4 (8th Cir. 2000). Petitioners remedy, if any, is to seek permission to the appropriate court of appeals to file a second or successive § 2255

application in the sentencing court. *See* 28 U.S.C. §§ 2244, 2255.

In conclusion, it appears that Petitioner's remedy, if any, is to seek permission to the appropriate court of appeals to file a second or successive § 2255 application in the sentencing court. *See* 28 U.S.C. §§ 2244, 2255. After carefully reviewing the applicable laws, the record in this case, as well as the Report and Recommendation, the Court finds the Magistrate Judge's recommendations fairly and accurately summarize the facts and apply the correct principles of law. Accordingly, the Court adopts the Report and Recommendation (ECF No. 11), dismissing the Petitioner's § 2241 petition without prejudice.

IT IS SO ORDERED.

March 16, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

6